UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHANIE HADLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FOSTER FARMS LLC, a Washington limited liability company; FOSTER POULTRY FARMS DBA FOSTER POULTRY FARMS INCORPORATED, a Washington corporation;<br><br>Defendants. | NO.<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Stephanie Hadley brings this action against defendants Foster Farms LLC, and Foster Poultry Farms d/b/a Foster Poultry Farms Incorporated (collectively "Foster Farms" or "Defendants") for disability discrimination, failure to accommodate, and retaliation. Plaintiff alleges as follows:

## I. PARTIES

1.1  Plaintiff Stephanie Hadley is an individual with a disability residing in Kelso, Cowlitz County, Washington.

**DOBSON HICKS PLLC**
2150 N. 107th Street, Suite 440
Seattle, WA 98133
206.492.5183

1.2  Upon information and belief, Defendant Foster Farms LLC is a limited liability company duly registered and conducting business in the State of Washington.

1.3  Upon information and belief, Defendant Foster Poultry Farms d/b/a Foster Poultry Farms Incorporated is a corporation duly registered and conducting business in the State of Washington.

1.4  At all relevant times hereto, Ms. Hadley was employed by one or all of the above-named defendants at Foster Farms' plant in Kelso, Cowlitz County, Washington.

## II.  JURISDICTION AND VENUE

2.1  At all times relevant hereto, the Defendants were doing business in Cowlitz County, Washington. Defendants are "employers" subject to statutes governing employment in the State of Washington.

2.2  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

2.3  This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

2.4  This Court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over related state law claims.

2.5  This court has jurisdiction, as Plaintiff has satisfied all jurisdictional prerequisites to the maintenance of this action. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on October 28, 2019.

On April 23, 2020, the EEOC issued a Notice of Right to Sue, and Plaintiff is filing this action within 90 days of receiving the Notice.

2.6 Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that gave rise to the Plaintiff's Complaint occurred in this district and the Defendants reside in this district

### III. FACTUAL BACKGROUND

3.1 In April 2019, Plaintiff Stephanie Hadley was hired by Foster Farms as a temporary employee. Ms. Hadley was hired on as a full-time employee in July 2019.

3.2 Ms. Hadley worked as a Graveyard Sanitation team member.

3.3 Ms. Hadley was successful in her position, consistently receiving positive feedback from her supervisors.

3.4 In May 2019, Ms. Hadley was assigned to work on Foster Farms' scalder machine, which utilizes hot water at a temperature of 120 degrees.

3.5 Ms. Hadley has sickle cell anemia, a condition that causes pain and nausea when she is exposed to extreme temperatures. As a result of her condition, Ms. Hadley became ill while working on the scalder.

3.6 In June 2019, Ms. Hadley approached her lead supervisor, Shelby[1], and requested a transfer to a different machine due to her medical condition.

---

[1] Shelby's last name is unknown at this time. No disrespect is intended by the use of her first name.

3.7  Shelby made no effort to assist Ms. Hadley or engage in the interactive reasonable accommodation process.

3.8  Instead, Shelby informed Ms. Hadley that "it's really hot for everybody" and required Ms. Hadley to continue working on the scalder.

3.9  Thereafter Ms. Hadley sought help from her supervisors Troy Hampton and Felipe Losolla. Mr. Hampton and Mr. Losolla also failed to assist Ms. Hadley or engage in the interactive reasonable accommodation process.

3.10 Rather than attempt to determine a reasonable accommodation for Ms. Hadley, Mr. Losolla informed her that "if we moved everyone who didn't want to work on the scalder we wouldn't have anyone working there."

3.11 After learning of her condition and request for accommodation, Mr. Hampton and Mr. Losolla began retaliating against Ms. Hadley.

3.12 Mr. Hampton and Mr. Losolla frequently made inappropriate comments to Ms. Hadley mocking her condition.

3.13 Mr. Hampton and Mr. Losolla also discussed Ms. Hadley's condition with her co-workers in a derisive manner.

3.14 Ms. Hadley was often sent home from work early for no reason, causing her to lose pay.

3.15 Managers scrutinized Ms. Hadley's work excessively and unfairly on a regular basis.

3.16 Despite the difficulties caused by her medical condition, Ms. Hadley continued to perform her job successfully and effectively.

3.17   In September 2019, Ms. Hadley formally notified Foster Farms' human resources department of her medical condition and requested accommodation in order to safely perform her job.

3.18   Ms. Hadley requested that Foster Farms transfer her to a different machine within the facility.

3.19   Ms. Hadley also provided documentation from her medical provider instructing that she be provided working conditions with temperatures between sixty and one hundred degrees Fahrenheit.

3.20   At that time, Foster Farms transferred Ms. Hadley to the facility's post-chill area.

3.21   The post chill area is located in a freezer and has extremely cold temperatures.

3.22   Ms. Hadley was assigned to a workstation directly beneath a condenser that regularly blows cold air.

3.23   The extremely cold temperatures exacerbated Ms. Hadley's condition.

3.24   Ms. Hadley asked to be allowed to wear a freezer jacket that would protect her from the cold.

3.25   Foster Farms denied this basic accommodation, claiming that the jacket was not "appropriate for sanitation" and that it "wouldn't work with the chemicals."

3.26   Although there were numerous accommodations that could have easily been made in order to allow Ms. Hadley to be able to continue working, Foster Farms refused.

3.27   Instead, Foster Farms required Ms. Hadley to take an unpaid leave of absence for an indefinite period beginning in October 2019.

3.28 During this time, Foster Farms claimed that it was regularly monitoring the temperature in the facility and would allow Ms. Hadley to return to work once the temperatures were between sixty and one hundred degrees.

3.29 During her leave of absence, Ms. Hadley attempted numerous times to transfer into open positions within Foster Farms where she would not be subject to extreme temperatures.

3.30 Ms. Hadley applied for approximately eight vacant positions for which she was qualified.

3.31 With one exception, Foster Farms refused to even review Ms. Hadley's applications.

3.32 Foster Farms interviewed Ms. Hadley for only one position.

3.33 Foster Farms denied Ms. Hadley that position, claiming that another candidate was more qualified.

3.34 In October 2019, Ms. Hadley filed a Charge of Discrimination with the Washington State Human Rights Commission and the Equal Employment Opportunity Commission.

3.35 On April 23, 2020, the Equal Employment Opportunity Commission issued a Notice of Right to Sue, indicating that the EEOC would be unable to complete its administrative processing within 180 days.

3.36 Ms. Hadley was finally allowed to return to work at Foster Farms in June 2020.

3.37 After her return to work, Foster Farms continued to retaliate and discriminate against Ms. Hadley by, *inter alia,* criticizing her work under false pretenses and refusing to

allow her to work overtime hours, instead giving those hours to employees with less seniority.

## IV.  JURY DEMAND

Plaintiff hereby requests a jury of 8 or 12 persons to determine all issues of fact raised herein.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Discrimination and Retaliation in Violation of the Washington Law Against Discrimination, RCW 49.60 *et seq.*)

5.1   At all times relevant hereto, Ms. Hadley performed her job duties successfully.

5.2   Beginning in June 2019, Ms. Hadley requested accommodations for her disability.

5.3   Ms. Hadley's actions in this regard constitute protected activities under the Washington Law Against Discrimination, RCW 49.60 *et seq.*

5.4   After seeking disability accommodations, Ms. Hadley was subjected to unwelcome statements of a discriminatory nature as set forth in Plaintiff's Statement of Facts, *supra*, and incorporated herein by reference.

5.5   Ms. Hadley was also subjected to actions of a discriminatory and retaliatory nature, including being forced to take unpaid leave for an extended period of time because of her disability.

5.6   These statements and actions are imputable to Foster Farms because they were made by Foster Farms' managers and because Foster Farms failed to take reasonably prompt and adequate corrective action.

5.7 Ms. Hadley was subject to these statements and/or actions because of her disability and request for medically necessary accommodations.

5.8 Defendants retaliated against Ms. Hadley because she engaged in protected activities by imposing adverse employment actions against Ms. Hadley.

5.9 As a direct and proximate result of Defendants' violations of Washington's Law Against Discrimination, RCW 49.60 *et seq.*, Ms. Hadley has sustained substantial damages including, but not limited to, back pay, front pay, and other benefits, and emotional distress, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
**Discrimination in Violation of the Americans With Disabilities Act, 42 U.S.C. § 12111**

5.10 The ADA and relevant implementing regulations make it unlawful to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). This includes, among other things, "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability…". 42 U.S.C. § 12112(b)(5).

5.11 Ms. Hadley is a "qualified individual" within the meaning of 42 U.S.C. § 12111(8) who can perform the essential functions of her position with or without reasonable accommodation, as demonstrated by her successful performance prior to being placed on unpaid leave.

5.12 Ms. Hadley is an individual with a disability within the meaning of 42 U.S.C. § 12101(2)(B). Her sickle cell anemia means that she is substantially limited in the

major life activities of circulatory function, oxygen saturation, and temperature regulation.

5.13 Reasonable accommodations include solutions such as reassignment to a vacant position, acquisition or modification of equipment or devices, and other similar accommodations. 42 U.S.C. § 12111(9).

5.14 Since June 2019, Ms. Hadley has consistently and repeatedly requested accommodations for her condition.

5.15 Defendants did not engage in an interactive process to determine what reasonable accommodations would be required for Ms. Hadley to continue her work and instead required Ms. Hadley to take unpaid leave.

5.16 Defendants' discriminatory conduct as alleged in this Complaint entitles Ms. Hadley to compensation for her damages as well as recovery of her attorneys' fees and costs incurred in bringing his action. 42 U.S.C. § 12117.

**THIRD CAUSE OF ACTION**
**(Failure to Accommodate in Violation of the Washington Law Against Discrimination, RCW 49.60 et seq.)**

5.17 At all times relevant hereto, Ms. Hadley performed her job duties successfully.

5.18 Ms. Hadley provided Defendants with notice of her disability and the accommodations recommended by her physician.

5.19 There were numerous reasonable accommodations available that would not create an undue hardship for Defendants.

5.20    Defendants failed to provide Ms. Hadley with medically necessary accommodations to enable her to continue performing her job despite her disability.

5.21    Rather than provide Ms. Hadley with reasonable accommodation, Defendants placed her on unpaid leave for an extended period of time.

5.22    As a direct and proximate result of Defendants' violations of Washington's Law Against Discrimination, RCW 49.60 *et seq.*, Ms. Hadley has suffered damages in including, but not limited to, back pay, front pay, and other benefits, and emotional distress, in an amount to be proven at trial.

## VI.   **RELIEF REQUESTED**

Plaintiff requests the following relief:

1.    Judgment in favor of plaintiff on the claims set forth above;

2.    An order awarding plaintiff's economic damages in an amount to be proven at trial;

3.    An order awarding plaintiff's compensatory damages, including non-economic damages, in an amount to be proven at trial;

4.    An award of reasonable attorneys' fees and costs; and

5.    Such other and further relief as the Court may deem just and equitable.

DATED this 21st day of July, 2020.

DOBSON HICKS, PLLC

By   /s/Aubrie D. Hicks
     AUBRIE D. HICKS, WSBA #46446

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

2150 N. 107th Street, Ste. 440
Seattle, WA 98133
P: 206-492-5183
F: 206-691-8709
E: aubrie@dobsonhicks.com
**Attorney for Plaintiff**

WASHINGTON CIVIL & DISABILITY ADVOCATE

By   /s/ Conrad Reynoldson
    CONRAD REYNOLDSON, WSBA #48187
    JILL SULZBERG, WSBA #55946
    4115 Roosevelt Way NE, Suite B
    Seattle, WA 98105
    P: 206-428-3558
    F: 206-962-5826
    E: conrad@wacda.com
    E: jill@wacda.com
    **Attorneys for Plaintiff**