UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHANIE HADLEY,<br><br>                          Plaintiff,<br><br>     v.<br><br>FOSTER FARMS LLC et al.,<br><br>                          Defendants. | No.  3:20-CV-5715-BJR<br><br>ORDER ON DISCOVERY OF PLAINTIFF'S MEDICAL RECORDS |

Pursuant to the Court's Standing Order for All Civil Cases, the parties requested a discovery conference with the Court concerning a dispute over discovery of Plaintiff's medical records. Due to scheduling difficulties, the Court directed the parties to submit briefs to the Court in lieu of a discovery conference. Having reviewed the parties' briefs, the Court finds as follows:

**Discovery of Plaintiff's Medical Records**

Plaintiff's complaint raises claims under the Americans with Disabilities Act (ADA) and the Washington Law Against Discrimination (WLAD), based on allegations that she has sickle cell anemia. However, Plaintiff recently testified at her deposition that she does not have sickle cell anemia, but rather was diagnosed at birth with sickle cell trait. Given the confusion as to Plaintiff's condition, the Court finds that Defendants should be able to obtain discovery of

ORDER - 1

Plaintiff's medical records of her sickle cell condition since birth. Such discovery is relevant and proportional to the needs of the case.

Plaintiff suggests that under the WLAD, Defendants may only seek discovery of medical records protected by Washington's patient-physician privilege for a limited time period, absent a finding of exceptional circumstances. *See* RCW 49.60.510. However, Plaintiff's complaint is not limited to state-law claims under the WLAD. Her complaint also raises a federal claim under the ADA, which is the basis for federal jurisdiction in this case.

The federal law of privilege governs federal question cases, even if the Court also exercises supplemental jurisdiction over pendent state-law claims. *Warren v. Bastyr Univ.*, No. 2:11–cv–01800–RSL, 2013 WL 1412419, at *7 (W.D. Wash. Apr. 8, 2013). "Under federal law, there is no physician-patient privilege protecting medical records from discovery." *Erickson v. Biogen, Inc.*, No. C18-1029-JCC, 2019 WL 3238470, at *2 (W.D. Wash. July 18, 2019). As Defendants note, even if federal law recognized physician-patient privilege, Plaintiff would have waived the privilege by placing her medical condition at issue in this case. *See Gilson v. Evergreen at Talbot Rd. LLC*, No. C04-02126C, 2005 WL 3841864, at *2 (W.D. Wash. Nov. 1, 2005). In addition, the Court has entered a protective order in this case, which should protect Plaintiff's privacy with respect to medical records disclosed in this case.

Therefore, the Court **GRANTS** Defendants' request to obtain discovery of Plaintiff's medical records related to her sickle cell condition since birth (Dkt. No. 24), and **DENIES** Plaintiff's request to limit discovery of such records to ten years (Dkt. No. 23). Plaintiff is ordered to lift any objections to Defendants' subpoenas to Plaintiff's medical providers that seek such information.

ORDER - 2

**Revisions to Case Schedule**

In light of this Order, the case schedule will need to be revised to permit Defendants to obtain discovery of Plaintiff's medical records. Because of the confusion regarding Plaintiff's medical condition, the Court finds that the expert disclosure deadline, which previously expired on March 8, 2021, should also be extended. The Court will permit both sides to disclose experts pursuant to such an extension.

The Court **ORDERS** the parties to meet and confer and to submit a joint status report to the Court no later than April 23, 2021, with proposals for a revised case schedule. The Court advises the parties that any proposed deadline for filing dispositive motions must be at least three months before trial. The parties may propose a change in current trial date of October 4, 2021, if necessary.

Dated: April 12, 2021

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 3